Titus, J.
The plaintiffs procured an attachment against the property of the defendant, ex parte, from William W. *729 Hammond, county judge of Erie county, and the defendant moved on affidavits before Judge Smith, of this court, to vacate and set aside the attachment, which motion was granted, and the plaintiffs appeal to this court from that order.
The attachment was granted under the provisions of sections 635 and 636 of the Code of Civil Procedure, on the ground that the defendant was disposing of his property with intent to defraud his creditors. It is not enough to entitle the plaintiff to an attachment, that at the time the debt was created the defendant was insolvent and omitted to inform the plaintiffs of that fact. He must go further and show that the party made some representations which are false, or did some act to mislead the plaintiff as to his solvency. Nichols v. Pinner, 18 N. Y., 295.
The reason of this rule is apparent; if it was otherwise, no person, unless he had ample means with which to pay, could buy property or goods on credit. If the defendant made no false statements as to his ability to pay, and used-no artifice to mislead or throw the plaintiff off ,his guard, he cannot be charged with fraud, although he knew at the time that he was insolvent. There is no evidence in the case that the defendant made any false statements or used any unfair means to obtain credit. It is claimed by the plaintiff that the defendant was disposing of his property with intent to defraud his creditors, and that the affidavits, assignment and schedule of assets and liabilities made by him, are sufficient evidence to warrant the issuing of the attachment. At the time the attachment was issued the defendant was daily selling his goods from his store, at retail, in the usual course of business, and of this fact there is no dispute.
The plaintiff insisted on having his pay, or being secured, which the defendant could not do. He then told the plaintiff that he had prepared an assignment of his property, and on the following day he filed in the clerk’s office a general assignment of his property preferring creditors.
The learned judge, before whom the motion to vacate the attachment was made, had the parties and all of the facts-before him, and determined, as a fact, that no fraud had been committed by the defendant in making the assignment, and on an examination of the affidavits I cannot see how he could come to any other conclusion.
Stringfield v. Fields (7 Civil Code Rep., 356) is an authority on a state of facts quite similar to the facts in-t-his case, and the court there held, “that the sale of goods by a retail dealer does not show that the dealer is making a fraudulent disposition of his property,” and “an absolute *730 refusal by a debtor to unbosom himself to his creditor, does not even tend to prove that the debtor intends to place his ■property where his creditors cannot reach it,” and “that there is no proof whatever that any part of the stock was secretly sent away or sold out of the ordinary course of business. The assignment is itself conclusive proof that the goods on hand will be devoted to the payment of the defendant’s creditors, and there is an absolute failure to prove that any goods whatever were fraudulently disposed of.” Id., § 363.
The fact that the defendant included in his schedules of liabilities more debts than he disclosed to the plaintiff just before the assignment is, of itself, no evidence of fraqd, unless it should appear that the debts mentioned in his schedules, or a portion of them at least, were fraudulent, -and no claim of that kind is made here by the plaintiff. Schultz v. Hoagland, 85 N. Y., 464.
It is unnecessary to cite authorities on the questions raised by the appellant, as the principles of law applicable to the case are elementary.
The order appealed from should be affirmed, with ten dollars costs, and the disbursements.
Beckwith, J., concurs.